[Weaver v. Cooper.]

# Weaver *v.* Cooper.

*Petition by Solicitor of Creditor of an Insolvent Estate, in Administration Suit in Equity, asserting a Lien on Funds in hands of Register for Fees.*

1.  *Petition by solicitor in equity for fees; when sufficient.*—In a petition filed by a solicitor of record of a creditor of an insolvent estate, in a suit pending in equity for the administration of such estate, seeking to establish a lien on funds of his client, which were in the hands of the register by virtue of decrees rendered in that suit, the parties being constructively before the court, and the court having before it the record of the suit, the same particularity is not required as would be in a bill filed for like purpose; and hence, the petition in this cause was held sufficient on demurrer, although it was indefinite in some of its averments, and failed to make parties defendant.
2.  *Same; when notice dispensed with.*—The only necessary party defendant to such a petition, the party for whose benefit the services were rendered, having appeared and answered, notice of the petition was thereby dispensed with.
3.  *Lien of solicitor for fees; what services covered by.*—In such case, the litigation which entitled the creditor to the funds in the hands of the register, having been commenced in the probate court, and afterwards continued in the chancery court, on removal of the administration of the estate into that court, on bill filed by the administrator for that purpose, it is no valid ground of objection to the allowance of the solicitor's claim, that a part of the services were rendered by him in the probate court before the administration was removed into the chancery court.
4.  *Record on appeal; what not a part of.*—An unsigned paper, styled "memoranda of register," and found at the end of the transcript, and after the register's certificate thereto, followed by this statement in parenthesis: "The foregoing is an epitome of facts as noted by the register on the reference, and which is attached to the·record as made out in this case, at request" of appellant's solicitor, can not be considered as a part of the record.

APPEAL from Cherokee Chancery Court.
Heard before Hon. N. S. GRAHAM.

The petition of the appellee, referred to in the opinion, after stating the title of the cause, averred, that "heretofore he, as attorney for N. B. Leath, next friend and guardian of B. Y. Weaver, a creditor of the estate of said Ambrose Weaver, deceased, and intestate of complainant, did, on the — day of—— 18—, obtain a judgment in favor of said B. Y. Weaver in the probate court of Cherokee county, Alabama, for the sum of six hundred and ninety dollars against the estate of said Ambrose, deceased, and, afterwards, as attorney and solicitor for said guardian and next friend of B. Y. Weaver, prosecuted. said judgment in this chancery court, in which the question of

[Weaver v. Cooper.]

insolvency of said estate arose, which involved great and prolonged litigation in this court; and he finally got a decree in favor of said ward, by his said guardian, for the sum of —— dollars." It is then averred that the administrator of said estate had paid said decree into court; that there was a balance still in the hands of the register, on which the petitioner claimed a lien "for a balance of fees due him for his services in the said courts, still unpaid, to the amount of fifty dollars;" and that B. Y. Weaver was a non-resident of the State, and his residence was unknown to petitioner. No parties defendant are made to the petition. The other facts disclosed by the record are sufficiently stated in the opinion.

SAVAGE & DANIEL, for appellant.

REIVES, contra.

STONE, J.—Ambrose Weaver became guardian of B. Y. Weaver, and in 1863 he resigned and came to a settlement in the probate court. A balance of some six hundred and eighty dollars was found against him, and the decree recited that he deposited the sum in the probate court, and the decree was entered satisfied. This deposit was made in Confederate currency. Soon afterwards N. B. Leath was appointed guardian of B. Y. Weaver. Ambrose Weaver died, and Joseph A. Weaver became his administrator. In September, 1870, on motion of Leath, guardian, and on testimony adduced, the entry of satisfaction of the decree against Ambrose Weaver was vacated and set aside, the decree revived against Joseph A. Weaver, his administrator, and adjudged to be of full force, dating from the time of the original decree in 1863.

The property of Ambrose Weaver consisted mainly of lands and mills, in which he had only a partial ownership; and on bill filed by Joseph A., the administrator, the administration of the estate was removed into the chancery court, and there conducted and settled. In that court the estate, on proper application, was declared insolvent, and it was settled as an insolvent estate. The probate decree, which had been rendered in favor of B. Y. Weaver, was presented, filed and allowed; and few other claims being proven, nearly all the assets for distribution among the creditors—some five hundred dollars—were adjudged to B. Y. Weaver. The assets, under the order of the court, had passed into the registry, or custody of the court; and certain payments had been made to attorneys and others, until there remained in the hands of the register, of the fund going to B. Y. Weaver, a little less than one hundred dollars. This sum was demanded for B. Y. Weaver by his then attor-

ney, but the register declined to pay it, on the ground that Mr. Cooper claimed a part of it, as due to him for past services rendered by him as an attorney in recovering the fund from Ambrose Weaver's estate, and in bringing it into court. Cooper then filed a petition, claiming fifty dollars of the money, praying a reference to the register, and a decree that the fifty dollars be paid to him. B. Y. Weaver answered the petition by filing exceptions to its sufficiency, and by demurring to it, assigning grounds. The chancellor held the petition sufficient, and referred it to the register, to report on the claim it asserted. The register reported fifty dollars due, the report was confirmed, and the chancellor decreed its payment. From that decree this appeal is prosecuted.

It is objected for appellant that the petition is vague and indefinite, and fails to make parties defendant. The same particularity is not required in a petition like the present, as would be required in a bill. The case was pending in the court, and the parties constructively before the court; but in addition, B. Y. Weaver, the only party interested adversely to Mr. Cooper, filed his answer to the petition, and thus proved he was present by his counsel. The record of the suit in which the petition was filed was before the court, and thus dispensed with much particularity, which would, in other conditions, be deemed necessary. That record showed that Mr. Cooper had been counsel for B. Y. Weaver in that chancery suit. The fund was in court by virtue of decrees rendered in that suit, and we think the petition was sufficient, and notice was dispensed with by the answer of the only necessary party.—2 Dan. Ch. Pra. 1606-7.

It is objected, in the second place, that part of the services, for which compensation is claimed, were rendered in the probate court, and that, to that extent, the chancellor should have made no allowance on this motion. We think there is nothing in this objection. The litigation appears to have been one continuous thing. It commenced in the probate court, and was removed into the chancery court necessarily, because the administration of Ambrose Weaver's estate was removed into the chancery court, at the instance of the administrator. The creditors had no option but to have their claims adjudicated in the chancery court. The fund in court being the fruit of the litigation in which Mr. Cooper represented the claim of B. Y. Weaver, although employed by the guardian of the latter, he had a lien on it for any unpaid balance of his fee in that service, which the court will aid him in making available.— *Warfield v. Campbell*, 38 Ala. 527; *Ex parte Lehman, Durr & Co.*, 59 Ala. 631; *Grimball v. Cruse*, 70 Ala. 534.

It is objected in the next place that on the proof adduced,

[Thornton v. Guice.]

and on the exceptions to the report of the register, the chancellor should have disallowed the claim. We suppose this position is sought to be maintained on what is styled "*memoranda of register*," found at the end of the transcript, and after the register's certificate to the transcript. Of these *memoranda*, and at the end of them, we find the following statement in *parenthesis*: "(The foregoing is an *epitome* of facts as noted by the register on the reference, and which is attached to the record as made out in this case, at request of B. Y. Weaver's solicitor.)". This paper is not signed. We can not consider this a part of the record. To authorize it, it should have been written down by the register, as the testimony in the cause. Being so written down, it should have been properly attached, and thereby would have become "a part of the file."—Rule 89, Ch'y Practice. Mere *memoranda* of the register, not purporting to set out the testimony, appended to the record as this is, would be a very unsafe ground for reversing a chancellor's decree, even if properly certified.

We find no error in the record.

Affirmed.