| 94 | 353 |
|----|-----|
| 95 | 337 |
| 95 | 578 |
| 94 | 353 |
| 101 | 281 |
| 102 | 610 |
| 94 | 353 |
| 104 | 281 |
| 105 | 228 |
| 94 | 353 |
| f121 | 677 |
| 94 | 353 |
| 126 | 243 |
| 94 | 353 |
| d133 | 242 |

# Thornton *v.* Highland Avenue & Belt Railroad Co.

*Petition in Pending Suit by Third Person as Creditor.*

1. *Authority of receiver to contract debts.*—A receiver being appointed in a suit pending between the landlord and the lessee of a hotel, "authorized to conduct and run the hotel, and for that purpose to make such purchases as may be necessary," and no provision being

[Thornton v. Highland Avenue & Belt Railroad Co.]

made by the court for him to raise money, he has implied authority to purchase necessary supplies on credit; and the debt being properly proved. under order of the court, it constitutes a proper charge, first on the income of the property, and then upon the *corpus.*

2. *When third person may intervene by petition in pending suit.*—A person who has sold goods on credit to a receiver, within the scope of his authority to purchase, may intervene by petition in the pending suit, at any time before the receiver is finally discharged, and ask the allowance of his claim as a charge on the fund or property in the possession or control of the court; and the fact that the possession of the property has, by consent, been delivered to the complainant in the cause, does not affect his right to intervene.

3. *When appeal lies.*—When a petition is filed in a pending suit by a third person having the right thus to intervene, and is erroneously dismissed on demurrer, the petitioner may at once appeal from the decree dismissing it, without waiting for the final decree in the cause; and the subsequent dismissal of the bill by the complainant does not affect his right to prosecute his appeal.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The appeal in this case was sued out on the 20th October, 1891, by T. F. Thornton, from a decretal order, or decree, dismissing a petition filed by him in a suit pending in said court, wherein the Highland Avenue & Belt Railroad Company was complainant, and M. Clifford was defendant. The complainant in that suit was the owner and proprietor of the property known as the Lake View Hotel, and the defendant was the lessee thereof. The bill sought to enforce the collection of the debt for rent out of the defendant's furniture and personal property in the hotel, on which a lien was claimed; and also an injunction to prevent the defendant from removing or disposing of it, and a receiver to take charge of the property pending the suit. An injunction was granted on the filing of the bill, and one H. D. Merrill was appointed receiver, with authority to carry on the business of the hotel. The receiver continued to conduct the business until some time in December, 1890, when, as the petition alleged, the possession of the property was, by order of the court, entered by consent, restored to the complainant, said Merrill continuing in the management and control as complainant's agent. While the receiver was carrying on the business, he purchased necessary supplies from the petitioner, making payments from time to time, and leaving an unpaid balance of $521.30 when the possession of the property was restored to the complainant; and failing to pay this balance, on the ground that he had no funds in his hands, the petitioner sought by his petition to have the debt enforced as a lien on the hotel property, if the complainant failed to pay it within a period of time to be specified in the order of the court.

[Thornton v. Highland Avenue & Belt Railroad Co.]

The complainant in the suit, who was made a defendant to the petition, filed a demurrer to it, specifying several grounds of demurrer. The court sustained the demurrer, "without specifying any particular grounds," and dismissed the petition; citing the following cases: *Renfro Bros. v. Goetter, Weil & Co.*, 78 Ala. 313; *Ex parte Printup*, 87 Ala. 148; *Union Trust Co. v. Railroad Co.*, 117 U. S. 977; 2 Tenn. Ch. Rep. 140. The petitioner appealed from this decree, and here assigned it as error. The appellee submitted a motion to dismiss the appeal, and the cause was heard on this motion and on the merits at the same time. The transcript sets out, also, a decree rendered by the court on the 30th June, 1891, before the appeal was sued out, dismissing the bill on motion of complainant.

CABANISS & WEAKLEY, for appellant.—(1.) When it becomes necessary for a court of equity to take charge of property through a receiver, in order to preserve it from waste or injury, the property becomes chargeable with the expenses thus incurred, and the person who is found entitled to it takes it *cum onere.—Beckwith v. Carroll*, 56 Ala. 12; *Ryan v. Hayes*, 62 Texas, 43; *Farmer's L. & T. Co. v. Railroad Co.*, 7 Fed. Rep. 537; 2 Pom. Equity, 1085, and notes; Gluck & B. on Receivers, 417, 303–05. (2.) The appellant, though a stranger to the pending suit, had a right to intervene by petition. *Gayle v. Johnson*, 80 Ala. 392; *Scott v. Ware*, 65 Ala. 186; *Weaver v. Cooper*, 73 Ala. 320; *Foscue v. Lyon*, 55 Ala. 457; Beach on Receivers, § 709; *Nat. Bank v. Barnum*, 58 Mich. 315; *People v. Bank*, 39 Hun, 187; *Porter v. Kingman*, 126 Mass. 141; *Kerr v. Little*, 39 N. J. Eq. 83. (3.) An appeal lies from the order or decree dismissing the petition. *Creighton v. Bank*, 3 Ala. 156; *Tabor v. Lawrence*, 53 Ala. 543; *Magee v. Cowperthwaite*, 10 Ala. 966; *State v. Railroad Co.*, 54 Ala. 140; *Walker v. Crawford*, 70 Ala. 571; *Allen v. Allen*, 80 Ala. 154; 3 Brick. Digest, 34, § 12; Code, § 3611.

ALEX. T. LONDON, *contra*. (No brief on file.)

COLEMAN, J.—On the 26th day of July, 1890, the Highland Avenue & Belt Railroad Company filed its bill in the Chancery Court against M. Clifford, to enforce the collection of a debt due for the rent of the Lake View Hotel. With other relief, the bill prayed for "a temporary injunction to restrain the said Clifford from removing any part of said personal property," and "for a receiver to take charge of the

|Thornton v. Highland Avenue & Belt Railroad Co.|

hotel property therein," &c. The court granted the temporary injunction, and appointed the receiver as prayed for in the bill, and directed M. Clifford to surrender to the said receiver the Lake View Hotel, with the personal property. The decree proceeds as follows: "And it is further ordered, adjudged and decreed, that the said receiver, until the further order of this court, is authorized to conduct and run the hotel, and for that purpose the receiver is authorized to make such purchases as may be necessary." The receiver took possession of the property under his appointment, and undertook "to conduct and run the hotel," as authorized in the decree. Having no money or cash on hand, and no provision made by the court for raising money, the receiver purchased the necessary supplies for the hotel on a credit. The debt of petitioner, Thornton, was contracted by the receiver for groceries supplied to the hotel. The petition shows that, after the debt due him was contracted, by an order of the court made December, 1890, "by consent of the said parties to the cause, the possession of said hotel and other property was restored to the complainant, and "that since the restoration of the property to the complainant, said Merrill [who was the receiver] has remained in possession, and operated the hotel as the agent of the complainant."

The Highland Avenue & Belt Railroad Company interposed a demurrer to the petition. The court sustained the demurrer, and petitioner declining to amend, his petition was dismissed out of court. From this decree dismissing the petition the present appeal is prosecuted. The cause was submitted to this court by appellant, upon the decree dismissing the petition, and if an appeal does not lie, in the alternative, for the writ of *mandamus* as a counter motion to the motion of appellee to dismiss the appeal. This practice has been recognized for a long time in this court.— *Tabor v. Lawrence*, 53 Ala. 543.

It is not denied that the decree of the court dismissing the petition ordinarily is such a final decree as to the petition as will support an appeal; but it is contended that petitioner, Thornton, is not a party to the litigation between the original parties, has no right to make himself a party, and consequently can not appeal. The principles of law declared in the cases of *Ex parte Printup*, 87 Ala. 148, and *Renfro Bros. v. Goetter, Weil & Co.*, 78 Ala. 313, cited in brief and argument and opinion of the chancellor, are not applicable to the question at bar. The petitioner in the present case does not seek to be let in to prosecute or defend as plaintiff or defendant in the original case. He is not interested, whether

plaintiff or defendant succeeds, in the matter litigated, and the determination of their respective rights in no way can affect his standing in court, or his right to relief.

Receivers are appointed to hold and preserve the property until it is finally determined by the court who is entitled to it, or its proceeds if sold. Until then it is in the custody of the law, and the receiver holds it as an officer of the law. Expenses more or less necessarily result from its conservation. To prevent irreparable damage and loss, sometimes it is necessary to make provision, in cases of a going business, that the business be continued. Such seems to have been the view taken by the court in the present case. Whether correct or not in this instance, we will not consider. The parties interested acquiesced in the order, and do not complain. Contracts made with a receiver in his official character, within the scope of his duties and the limits of his authority, are not binding on him personally. If such was the case, no one would accept the responsible office of a receiver. The party contracting with the receiver looks to the *rem*, the fund or property in *gremio legis*, backed by a pledge of the court that it shall be liable for all cost and expenses legitimately incurred in pursuance of its orders and decrees.—*Kerr v. Little*, 39 N. J. Eq. 83. Any one who attempts to interfere or sue a receiver without leave, in a matter pertaining to his official duties, will be regarded as in contempt of court, and may be punished accordingly. If there is an income from the property, the current expenses should be first paid out of this; but, this failing, there is no doubt that the *corpus* may be applied to such necessary expenses.—*Beckwith v. Carroll*, 56 Ala. 12; *Meyer v. Johnston*, 53 Ala. 397; *Union Trust Co. v. Illinois Midland*, 117 U. S. Rep. 437.

Any one contracting with a receiver is charged with notice of the duties required of him, and the extent of his authority. It becomes necessary, therefore, to ascertain whether petitioner's debt was contracted within the scope of the duties and authority of the receiver. The court made no order by which the receiver was entitled to raise money to "conduct and run the hotel." By the decree appointing him, he was authorized to run the hotel, "and for this purpose the receiver is authorized to make such purchases as may be necessary." The petition avers that the receiver as such had no money with which to make cash purchases, and the purchase of the groceries was necessary in order to conduct and run the hotel. When the order was made, the court knew its own officer had no money, and it made no provision for rais-

[Thornton v. Highland Avenue & Belt Railroad Co.]

ing any. How was the receiver to perform his duty, unless
he purchased on a credit? We are of opinion that the order
gave the power and the discretion to the receiver to make
purchases, if necessary, upon a credit. If the averments of
the petition that the purchases of the groceries were neces-
sary under the order of the court to "conduct and run the
hotel" as directed, and the sale of the goods was made to
the receiver in his official character, it is a proper charge
upon the income first; and if there was no income, then upon
the *corpus* of the property. Under such conditions, the
court should never surrender its custody of the property, or
discharge the receiver, until all obligations incurred by him
in the proper discharge of his duties have been adjusted and
provided for. When the petition was filed and heard, and
dismissed by the decree of the court, the original cause was
still pending, and the receiver had not been discharged. The
order of the court, made in pursuance of an agreement be-
tween the original parties, as averred in the petition, by
which the property was placed in the hands of the complain-
ant, did not deprive the court of authority to resume posses-
sion and control of it, for the purpose of enforcing all claims
to, or leins upon it, the result of its own orders or decrees.
That court at that time was the proper and only forum to give
petitioner such relief as he may have been entitled to receive.

Whether the charges for the groceries were reasonable, and
whether necessary as averred, was a matter for proof, to be
taken under the direction of the court. It was within the
province of the court, and proper practice, to have referred
these questions to the register for examination and report,
and all parties in interest should have had due notice of the
time and place of executing such reference. An attorney
has a lien upon the funds in court held for distribution, or
payment to the proper party, secured by his professional ser-
vices, which may be enforced by petition in the court. If
the court refuses to enforce the lien in a case where it exists,
the action of the court will be reviewed on appeal by this
court.— *Weaver v. Cooper*, 73 Ala. 320. The judgment of
the court upon a petition to set aside a sale of land, sold
under execution or decree of court, may be reviewed on
appeal.— *Allen v. Allen*, 80 Ala. 154. When a writ of pos-
session is directed by the chancellor to issue against the per-
son in possession, an appeal by a party improperly dispos-
sessed against the purchaser, is the proper remedy.— *Creigh-
ton v. Bank*, 3 Ala. 156. An appeal lies in favor of a re-
ceiver, from the decree of the court confirming the report of
the register allowing to him compensation.— *Magee v. Cow-*

*perthwaite,* 10 Ala. 967. The correctness of this ruling was fully recognized in the later case of *State v. Ala. & Chatt. R. R. Co.,* 54 Ala. 140. It has been held often that an appeal will lie, after final decree, from any decree rendered for or against a receiver on the settlement of his accounts, although he is not a party to the original suit.—*Honey v. Mc-Donald,* 109 U. S. Rep. 155; *Hinckly v. Gilman,* 94 U. S. 468; *Farmer's L. & 1. Co. v. Central R. R. Co.,* 7 Fed. Rep. 539. It can not be doubted that the petition was filed in the proper court, and that the court had jurisdiction to hear and determine the questions involved. If the court had improperly granted relief, those injuriously affected were not without redress by appeal. We can not see why an appeal would lie against petitioner, and not in his favor, if the court erroneously ruled to his prejudice. It is one of those side issues growing out of the main case, to which the petitioner is a principal party, and in which it has been repeatedly held in other courts that an appeal will lie. The cases cited from 109 U. S. Rep., and 94 U. S. Rep., *supra,* and *Kerr v. Little,* 39 N. J. Eq., are directly in point.

In the case of *Dorsey v. Sibert,* 9 So. Rep. 288, 93 Ala. 312, the receiver appealed in a matter in which he had no interest, and from a decree from which he had no right to appeal. The court there says in regard to the merits of the question : " We can consider it only when it shall arise on appeal by some party to the suit who complains that it is injurious to him."

Conceding the facts of the petition to be true, the court erred in dismissing the petition. We are of opinion that an appeal may be taken in such cases from the decree, at the time it is rendered, and that the parties are not required to await the final action of the court upon the matters originally involved in the litigation. In some cases, as where the litigation extends over a great many years, and continued from term to term, perhaps by consent of parties, or for causes in regard to which a petitioner would not be heard, to hold' that an appeal could not be prosecuted until the final determination of the main case, would amount to a denial of justice without delay.

The parties to the original cause were before the court when the petition was filed. It was not necessary to formally make them parties to the petition. It was the duty of the court, under the rules of practice, to make no order or decree affecting their interest in the property, without seeing that they had notice. They had the right to demur or plead to the petition, and exercised this right. The register was bound

to give notice to the parties interested in the matter of the petition, of the time and place of executing any reference referred to him. The decree dismissing the original bill concludes all questions as to the parties to the original bill. The effect of the reversal is simply to open the cause to hear and adjudicate the rights of the petitioner as to the matter therein contained. The motion to dismiss the appeal is denied.

Reversed and remanded.