# Louisville Manufacturing Co. et al. v. Brown.

*Bill in Equity by Assignee to have the Trust under a Deed of Assignment dismissed.*

1. *Right of assignee to invoke jurisdiction of equity for the administration of the trust.*—When, after the execution of a deed of assignment by an insolvent debtor for the benefit of all his creditors, the lessor of the debtor sues out a writ of attachment and has it levied upon a portion of the property conveyed in said deed, the assignee named in the deed may invoke the aid of equity to administer the trust created thereby.

2. *Right of court of equity to order sale of property assigned.*—After a court of chancery has taken jurisdiction of the trust created by deed of assignment, it has the power to order a sale of the property assigned in said deed and such power extends over a leasehold interest in a store, which was conveyed in the deed of assignment, as well as to the other property assigned.

3. *Right of creditors to be made parties defendant by petition to a sui*

18

[Louisville Manufacturing Co. et al. v. Brown.]

*by assignee.*—Creditors of an insolvent debtor can not be made parties defendant, by their own petition, to a suit by the assignee in a deed of assignment made by an insolvent debtor for the benefit of his creditors; but being beneficiaries of the trust created by said deed, they may intervene by petition to have their interest ascertained and their rights protected.

4. *Decree before cause at issue erroneous.*—When, to a bill filed by the assignee of an insolvent debtor, which avers the levy of an attachment by the debtor's lessor and admits the justness of a claim for rent thus asserted, there have been no answers filed, and no decrees *pro confesso* have been rendered against the defendants not answering, the cause is not at issue; and an order of reference to ascertain the amount due the attaching lessor, and a decree that the amount so ascertained be paid is erroneous when rendered before the cause was at issue, and before the creditors of the assignor had an opportunity of presenting and proving their claims.

5. *Decree to support an appeal.*—A decree that settles matters of contention and the material equities in a cause will support an appeal.

6. *Same.*—An appeal lies from a decree in a suit by an assignee named in the deed of assignment for the execution of the trust, in which the debt is ascertained and ordered to be paid out of the proceeds of the assets, without giving creditors an opportunity to contest such debt, or to present and prove their claims.

7. *Right of intervening creditors to appeal.*—Creditors who have intervened by petition, to have their interest ascertained and rights protected, in a suit by the assignee of an insolvent debtor, may take an appeal from a decree which orders to be paid to the lessor of the debtor the amount ascertained to be due, when such decree is made without giving the intervening creditors an opportunity to contest such debt, or to present and prove their own claims.

8. *When appeal not taken in the name of all the defendants; not dismissed upon objection raised in argument.*—When an appeal is taken by intervening creditors, not in the name of all the defendants, and without a severance, and the cause is submitted without objection on assignments of error by the appellant, the objection that the appeal was not taken by all the defendants comes too late when suggested in argument.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellee, S. Brown, as assignee, to have the chancery court take jurisdiction of, and administer, a trust created by a deed of assignment.

On January 20th, 1892, I. Phillips & Bro. made a general assignment for the benefit of their creditors to S.

Brown, the appellee, and complainant in this suit. In said deed of assignment the assignors transferred all of their stock of merchandise and also their leasehold interest in storehouses Nos. 1816 and 1818, 2d Avenue, in the city of Birmingham, then occupied by them. The said storehouses, the leasehold interest in which had been conveyed in the deed of assignment, had been leased by I. Phillips & Bro. for a term of years from Mrs. L. L. Molton. The said lease contained the following provision: "Should the party of the first part (I Phillips & Bro.) fail to pay the rents as they become due, as aforesaid, or violate any other condition of this lease, the said party of the second part (Mrs. L. L. Molton) shall then have the right, at her option, to re-enter the premises and annul this lease." As soon as the assignment was made, Mrs. L. L. Molton, the landlord, sued out an attachment to recover the rent for the entire term, and the writ was levied upon the stock of goods conveyed to Brown in the deed of assignment. On January 29, 1892, after the levy of said writ of attachment, S. Brown, as assignee, filed the present bill of complaint against I. Phillips & Bro., L. L. Molton, and A. Dreher, one of the creditors of I. Phillips & Bro., and prayed to have the chancery court to take jurisdiction of the trust and trust estate created by the deed of assignment, and administer the same under the orders and directions of said court; that the goods levied upon by the landlord be sold by the complainant under the orders of the chancery court, instead of by the sheriff; and that the proceeds be held, in lieu of the goods, subject to any priority of lien that the said landlord might have. None of the creditors or beneficiaries under the deed of assignment were made parties defendant, except A. Dreher, who was a resident of this State. The only averment in reference to the other creditors is found in the sixth paragraph of the bill, and is copied in the opinion. On January 30, 1892, the chancellor decreed that the chancery court assume jurisdiction of said trust, and take control and custody of the trust estate, and that the said Brown, as assignee, be required to give bond in the amount of $50,000. This bond was made and approved. The complainant, as assignee, then filed his petition in said cause, setting forth the levy on the stock of goods of said attachment by the landlord for her rent, amounting to $9,200, which

was admitted by petitioner to be a valid lien on the goods, and praying for an order of the court authorizing him to sell said leasehold interest in the rented premises and the stock of goods to the highest bidder for cash, after giving 10 days notice, &c., and that the proceeds be held by the petitioner, first for the payment of said rent, and the balance held to be administered under the orders of the chancery court. On the 11th of March, 1892, this petition was granted by the court, and the petitioner was authorized and directed to sell the leasehold interest and the goods assigned to him according to the prayer of the petition. On March 22, 1892, S. Brown filed his report setting out that, after publication as required by the decree, he had sold the entire stock and furniture and the leasehold interest to one Louis Burger for the sum of $16,120. On March 23, 1892, a decree was rendered by the chancellor ordering a reference to the register to ascertain and report upon the fairness of the sale, and what portion of the proceeds of the sale should be applied to the payment for the rent of said premises, for which the landlord holds a lien upon the goods conveyed in the deed of assignment. On March 25, 1892, appellants, Louisville Manufacturing Co. and Hunt Manufacturing Co., filed their petition in said cause and asked that they might come into said suit as parties defendant, and "file answers, pleas or demurrers, and to do everything necessary for the protection of their rights and interests, as if they were made parties defendant in said suit by complainant." The complainant demurred to this petition on the ground that the petitioners have shown no right to come in as parties defendant. The court sustained the demurrer of the complainant to this petition, but gave the petitioners leave to file their claims by petition, and have their interest ascertained and their rights protected. On March 28, 1892, the Louisville Manufacturing Co. and the Hunt Manufacturing Co. filed their petitions as allowed by said decree. On March 29, 1892, the register made his report in favor of the fairness of the sale, and ascertained that "If said rent is to be paid at once in cash, instead of in monthly instalments, according to the lease, then the said landlord should be paid the sum of $8,313.25." He also reported that by the averments of the lease, a reasonable attorney's fee was due for the

enforcement of such contract, and that $460 was a reasonable fee for services rendered in the attachment suit brought on said lease, and that the cost of the attachment suit was $350.15, and that, therefore, the total amount due on the contract of lease was $9,123.40. The register also reported that he had refused to allow the Louisville Manufacturing Co. and the Hunt Manufacturing Co. to cross-examine witnesses called by complainant on said reference, or to offer evidence in chief on the issues directed to be made by the said decree of reference. The Louisville Manufacturing Co. and the Hunt Manufacturing Co. filed exceptions to this report of the register, on the ground that they were not allowed to take part in said reference. Thereupon, the chancellor decreed that the report be set aside, and ordered the register to re-execute said reference, and to permit the said petitioners to participate therein. On April 8, 1892, the register again executed said reference, reported again in favor of the fairness of the sale, and reported the same amounts as the correct amounts to be applied to the landlord's claim. The petitioners, the Louisville Manufacturing Co. and the Hunt Manufacturing Co., filed exceptions to this report of the register, ascertaining the amount which should be applied to the payment of the landlord's rent, on the ground that only the amount which was due at that time should be allowed. On April 11, 1892, the chancellor overruled the exceptions of the Louisville Manufacturing Co. and the Hunt Manufacturing Co. to the report of the register, and confirmed said report, and decreed that the sum of $8,313.25 should be paid to L. L. Molton, the lessor, at once. The Louisville Manufacturing Co. and the Hunt Manufacturing Co. prosecute the present appeal, and assign as error the several rulings and decrees of the chancellor, as shown above.

MOUNTJOY & TOMLINSON and GARRETT & UNDERWOOD, for appellants.

LANE & WHITE, contra.—(1.) The petitioners could not have been made parties defendant.—Renfro Bros. v. Goetter, Weil & Co., 78 Ala. 311; Ex parte Printup, 87 Ala. 148, 6 So. Rep. 418. (2.) Appellants had no right to prosecute the appeal.—Harper v. Bibb, 45 Ala. 670; May v. Courtney, 47 Ala. 185.

HARALSON, J.—1. The first assignment of error is, that the court below erred in taking jurisdiction of the administration of the trust, as created in the deed of assignment. A trustee has the undoubted right to come to a court of equity, for its assistance and protection, in all cases of doubt or difficulty, in the administration of the trust; and the bill in this case makes a clear case for equitable interposition, for the protection and direction of the trustee in the discharge of his duties, as such. Perry on Trusts, § 928; Hill on Trustees, § 543.

2. The second assignment questions the power of the court to order a sale of the property assigned. When the trust is before the court, by a bill filed for its execution, the whole matter of the trust and its proper execution is within its jurisdiction, and the trustee must proceed as directed. He can not sell, without the sanction of the court, even if the deed of trust gives him the express power to do so. He must sell as directed by the court.—Perry on Trusts, §§ 764, 770, 928.

In this case, the leasehold interest of the store, was included in the deed of assignment for the benefit of creditors, as well as the goods and merchandise in the store, and no distinction can be drawn between the two, as to the power of the court to order their sale.—Perry on Trusts, §§ 449, 450, 547.

3. The fourth assignment is a complaint against the action of the court, in sustaining a demurrer to the appellants' petition to be made parties defendants to the cause.

The court committed no error in refusing to grant the petitions of appellants, to be made parties defendants, for the purposes specified therein. It conformed its rulings to the principles of chancery practice, and allowed appellants, as beneficiaries of the trust fund, to intervene by petitions, and propound their respective claims—"to have their interests ascertained, and their rights protected." Under this order, they may prove and have their own claims allowed, and may resist the claims of any or all of the creditors of the assignors, which is all they can demand.—*Ex parte Printup*, 87 Ala. 148, 6 So. Rep. 418.

4. The third and fifth assignments, relate to the action of the court, (1) in ordering a reference to ascertain the amount of the rent due and payable to Mrs. L. L. Molton; and (2), in decreeing that the amount ascertained by the register, on the reference, should be paid

out of the proceeds of the sale of the stock of goods sold, and the sale of the leasehold interest.

It is true, generally, that a decree on any of the merits of the case, rendered before the defendants are in default for want of answers, or before decrees *pro confesso* have been entered against them, is premature, and should never be made. It was irregular and contrary to the practice in such cases for the court to have ordered the register to ascertain the amount of the debt due to L. L. Molton for rent, and to have decreed its payment, before the cause was at issue. These were matters of essential merit, which the defendants and creditors had a right to contest. The proper and usual practice in such cases is, after answers filed, or decrees *pro confesso* against such as have not answered, to give reasonable notice by publication for all the creditors to file and prove their claims by a specified day, or they will be barred, and on the day named in such notice, for the register to pass upon all claims presented and filed, each creditor having the right to contest the claim of every other one, and for the register to report to the court, the result of his inquiries, with all objections and exceptions which may have been made to his rulings, together with all the evidence taken ; and to this report, when made, all parties should have the right to except, before the court makes its decree passing on the merits of any disputed claim.—*Morton & Bliss v. New Orleans & Selma Railway Co.*, 79 Ala. 590 : *McDonald v. McMahon*, 66 Ala. 115. Any proceeding, which deprives a person of his property, and its control, or adjudicates his rights without notice and the opportunity of being heard in opposition, is *coram non judice*, as to such person.—*Ex parte Trice*, 53 Ala. 548 ; *Dugger v. Tayloe*, 60 Ala. 504.

The trustee, in filing his bill, admitted this debt of L. L. Molton to be a first lien on the assigned property, and was active in procuring the orders of the court to have it ascertained and paid, without notice to the creditors, the real parties in interest. The only defendants he made parties to his bill were I. Phillips & Brother, the assignors, who had no real interest, Mrs. L. L. Molton, an adversary with whom the assignee was not at variance, and a single creditor, A. Dreher, who lived at Cullman. The bill states, "that the other creditors are very numerous, and can not, without manifest incon-

[Louisville Manufacturing Co. et al. v. Brown.]

venience and oppressive delays in this suit, be at this time brought before this honorable court, the most of them being non-residents of the State of Alabama, and their residences unknown." But, it was proffered, that "as soon as all their respective names and residences could be ascertained, they would, according to law, and the rules and practice of the court, be made parties defendants to the bill of complaint."

When the appellants sought, as creditors to come in and be made parties defendants to the suit—in compliance with the proffer in the bill for them to do so—that they might answer, plead or demur and do every thing necessary for the protection of their rights and interests, as if they had been made defendants in the beginning, they were resisted in their application by the trustee; and, on the execution of the first reference to the register, which was to ascertain L. L. Molton's claim for rent, and how it should be paid, and which involved inquiries and a report as to the main matter of contest in the case, when appellants appeared before the register and asked to be allowed to cross-examine the witnesses called by the complainant, and to offer evidence on the issues made by the decree of reference, the complainant, the assignee, objected, and the register sustained the objection—the assignee and the register proceeding upon a mistaken discharge of their duties, respectively. The court, it is proper to state, set aside the report of the register, on account of that ruling, and ordered a new reference, the same as the other, upon the execution of which appellants were allowed to appear. Even then, they encountered the assignee as an adversary. The assignee possibly feels interested to have that debt allowed, as he may suppose he may be personally liable for it.

There was no error in the court ordering the assignee to sell the goods and the leasehold estate, and hold the proceeds subject to the orders of the court; but there was error in decreeing on the merits of the cause before it was at issue, in having the Molton debt ascertained and in ordering it paid, and the decree, to that extent, must be reversed and set aside.

5. We stated in *Adams v. Sayre*, 76 Ala. 517, that it was the settled doctrine of this court, that, as a general rule, there can be but one final decree upon the merits

of a chancery cause, which is required to settle all the equities litigated, or necessarily involved in the issues of the particular suit; that the policy of the rule is founded in the indisposition of appellate courts to multiply appeals, by undertaking "to review litigated cases piecemeal." But we held, that a decree may, nevertheless, be partly final, and partly interlocutory; final, so far as it determines all issues of law and fact, constituting the equities proper in the cause, and interlocutory as to ulterior proceedings regulating its mode of execution, from each of which, an appeal will lie to this court.—*Thornton v. Highland Av. & Belt R. R. Co.*, 94 Ala. 353; 10 So. Rep. 442; *Morton & Bliss v. N. O. & S. R. R. Co.*, 79 Ala. 590.

The decree in this case, so far as it goes, settled matters of contention and the material equities in the cause, and is such a decree as supports an appeal.

6. The appeal is taken by two of the creditors, who intervened by petition, and who were authorized to take it.—*Jones v. Wilson*, 54 Ala. 50; *Weaver v. Cooper*, 73 Ala. 318.

It was taken in their names alone, and the point is now made, that it should be dismissed because not prosecuted in the name of all the defendants, and without a summons and severance. A sufficient reply to this, if any were needed is, that the cause was submitted without objection, and no motion was made to dismiss the appeal, for the reasons assigned, and it is too late for appellees to suggest in argument, as they do, that the appeal is improperly here.—*Vaughan v. Higgins*, 68 Ala. 548.

7. It would be premature at this time, for us to pass upon the merits of Mrs. Molton's claim or that of her assignee for rent. It was prematurely considered and passed on in the court below. The cause must be reversed and remanded, that the chancery court may order a new reference, in the manner indicated in this opinion, to require all creditors to present and prove their claims, to ascertain what debts there are, and afterwards to make distribution of the trust fund.

Reversed and remanded.