556

to discharge the obligations of the owner that constituted a lien on the property.

In the absence of express authority from his principals, Snellings had no right or authority to appropriate the money to his own use or to the satisfaction of a debt due to the Snellings Lumber Company, in preference to other lienholders; this upon the familiar and well-settled principle that one who accepts an agency impliedly undertakes to use the powers conferred upon him for the sole benefit of his principal, and, unless express authority is given, the agent cannot in the same transaction act as the agent of the principal and as the agent of another whose interest is adverse to the principal. Bowdon Lime Works et al. v. Moss, 14 Ala. App. 433, 70 So. 292; Seeberg v. Norville et al., 204 Ala. 20, 85 So. 505; Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516.

Nor did the bank act within its legal right in entering the sum borrowed to the credit of Snellings, unless authority thereunto was expressly given. The familiar principle of law above stated was sufficient to charge it with notice of Snellings' lack of authority.

Another well-settled principle applicable is, if one in violation of his duty to another has obtained a fund to his own use, equity will impress the fund with a constructive trust, and hold the one so obtaining the fund to account as a trustee in invitum. 26 R. C. L. 1235, § 82; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Kent v. Dean, 128 Ala. 600, 30 So. 543; Smith v. Smith et al., 153 Ala. 504, 45 So. 168.

J. F. Snellings was therefore a necessary party, and, because of his absence, the court properly dismissed the bill. Gettinger et al. v. Heaney, 220 Ala. 613, 127 So. 195.

The decree, however, should have been entered without prejudice to the rights of the parties, and it will be corrected here to that effect, and, as corrected, will be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

(133 So. 723)
**BUILDERS' SUPPLY CO. v. Christine PHILLIPS et al.**

**5 Div. 70.**

Supreme Court of Alabama.
April 2, 1931.

Hatcher, Hatcher & Blanchard, of Columbus, Ga., for appellant.

Roy L. Smith and Bird & Hicks, all of Phenix City, for appellees.

BROWN, J.

The decree in this case is corrected so as to dismiss the bill without prejudice, and, as corrected, will be affirmed. Builders' Supply Co. v. Harry Smith et al., ante, p. 554, 133 So. 721. It is so ordered by the court.

Corrected and affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

(133 So. 723)
**E. C. SMITH v. Roy CHESTNUT et al.**

**5 Div. 69.**

Supreme Court of Alabama.
April 2, 1931.

E. Herndon Glenn, of Opelika, for appellant.

Roy L. Smith and Bird & Hicks, all of Phenix City, for appellees.

BROWN, J.

The decree in this case is corrected so as to dismiss the bill without prejudice, and, as corrected, will be affirmed. Builders' Supply Co. v. Harry Smith et al., ante, p. 554, 133 So. 721. It is so ordered by the court.

Corrected and affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

(133 So. 740)
**GREEN v. STATE.**

**6 Div. 894.**

Supreme Court of Alabama.
April 2, 1931.