(133 So. 721)

**BUILDERS' SUPPLY CO. v. SMITH et al.**

**5 Div. 71.**

Supreme Court of Alabama.
April 2, 1931.

Hatcher, Hatcher & Blanchard, of Columbus, Ga., and E. Herndon Glenn, of Opelika, for appellant.

Roy L. Smith and Bird & Hicks, all of Phenix City, for appellees.

## BROWN, J.

Three separate and distinct appeals in as many cases between different parties are embodied in one record. The same rules of law are applicable, and the questions to be decided in the several cases are the same.

To state the case, first in order, on the record, Builders' Supply Co., Appellant, v. Harry Smith et al., Appellees, Harry Smith employed E. C. Smith as a contractor to build for the first named a six-room dwelling on a lot owned by the said Harry Smith in Phenix City, Ala., and to this end they entered into a written contract in which E. C. Smith stipulated to furnish all material and labor to complete the building, including the painting for $1,675, with the further stipulation that any changes or additions might be made by the owner paying for the labor and material. The building was completed, with certain changes in the original plan, at a cost of $1,800, and the owner paid on this amount, the sum of $20, leaving a balance due of $1,-780. At the time the contract was made, the owner informed the contractor that he had sufficient money to pay 50 per cent. of the cost of the building, and the contractor tentatively agreed to arrange with one Des Portes, a friend of the contractor, to advance, on terms of monthly payment, the balance money to complete the contract.

The building was completed, ready for occupancy, and the contractor, not being paid, filed in the office of the judge of probate of the county in which the property is situated a verified statement of the amount as required by the mechanics' lien law. Code 1923, § 8836.

During the progress of the work, the contractor obtained from the complainant, Builders' Supply Company, materials which went into the building, amounting to $411.86, which were charged to the account of the contractor. After the completion of the work, this account not being paid, complainant filed a verified statement of its account, as prescribed by statute, and gave written notice to the owner that it claimed a lien on the property.

When the work on the building was nearing completion, the contractor informed the owner that Des Portes would not advance money on buildings in Alabama, and that he (the owner) would have to make other arrangements.

Thereupon the owner and the contractor asked Frank Snellings, the manager of the Snellings Lumber Company, to arrange for financing the matter, and thereupon, through Snellings' efforts, the respondent Phenix-Girard Bank agreed to advance the sum of $2,-041.20, to finance the owner, Harry Smith, and to secure this loan the owner executed to the bank twelve negotiable promissory notes, eleven for $25, each payable monthly, and the last for $1,766.20, due April 1, 1930, which were indorsed by Snellings, and mortgage on the property executed to secure the payment of these notes.

The evidence is without dispute that no part of the money, the consideration of the notes and mortgage, has been turned over to the owner or the contractor. The evidence goes to show that the entire amount was entered to the credit of Snellings; that no part of the money was checked out to meet the obligations of the owner.

Snellings testified, in respect to the disposition of this fund, as follows:

"A. I don't know, but Mr. Mullen, who was President of the bank told me I could write my check up to this amount [the amount of the loan] and it would be protected. I couldn't tell whether he put it on the books or not.

"Q. You did not get any money at that time? A. No, sir, I didn't get any money, I have got credit for it, but I haven't received no real cash.

"Q. You received a deposit slip from that bank, didn't you? A. I don't remember about that. My bookkeeper looks after that. I know we got credit for it for I haven't issued a check against it.

"Q. * * * Was that money deposited to the Snellings Lumber Company or J. F. Snellings? A. To J. F. Snellings and he took the money on it, then had that account ruled off the book."

The evidence further shows that Snellings Lumber Company gave the owner a receipt in full of its account against the contractor. What said account was for or its amount does not appear.

On these facts the contention is made by appellees that Snellings was the agent of the contractor in procuring the loan, and, the agent having received the money, this operated to discharge the liability of the owner, and the contractor and his creditors should not be allowed to enforce a lien on the property in disparagement of the bank's mortgage, and therefore the bill was properly dismissed.

■ The judgment here is that Snellings, in procuring the Phenix City Bank to advance the money on the notes and mortgage of the owner, was acting as the agent of both contractor and the owner, and the purpose of the agency was to procure funds with which

to discharge the obligations of the owner that constituted a lien on the property.

In the absence of express authority from his principals, Snellings had no right or authority to appropriate the money to his own use or to the satisfaction of a debt due to the Snellings Lumber Company, in preference to other lienholders; this upon the familiar and well-settled principle that one who accepts an agency impliedly undertakes to use the powers conferred upon him for the sole benefit of his principal, and, unless express authority is given, the agent cannot in the same transaction act as the agent of the principal and as the agent of another whose interest is adverse to the principal. Bowdon Lime Works et al. v. Moss, 14 Ala. App. 433, 70 So. 292; Seeberg v. Norville et al., 204 Ala. 20, 85 So. 505; Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516.

Nor did the bank act within its legal right in entering the sum borrowed to the credit of Snellings, unless authority thereunto was expressly given. The familiar principle of law above stated was sufficient to charge it with notice of Snellings' lack of authority.

Another well-settled principle applicable is, if one in violation of his duty to another has obtained a fund to his own use, equity will impress the fund with a constructive trust, and hold the one so obtaining the fund to account as a trustee in invitum. 26 R. C. L. 1235, § 82; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Kent v. Dean, 128 Ala. 600, 30 So. 543; Smith v. Smith et al., 153 Ala. 504, 45 So. 168.

J. F. Snellings was therefore a necessary party, and, because of his absence, the court properly dismissed the bill. Gettinger et al. v. Heaney, 220 Ala. 613, 127 So. 195.

The decree, however, should have been entered without prejudice to the rights of the parties, and it will be corrected here to that effect, and, as corrected, will be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.