152 So. 459

## SNELLINGS et al. v. BUILDERS' SUPPLY CO., and four other cases.*

5 Div. 152, 154, 155, 157, 158.

Supreme Court of Alabama.

Jan. 11, 1934.

*For opinion refusing rehearing, see 155 So. 858.

48

Denson & Denson, of Opelika, and W. J. Bird and J. B. Hicks, both of Phenix City, for Snellings and Snellings Lumber Co.

Jacob A. Walker, of Opelika, and Roy L. Smith, of Phenix City, for Phenix-Girard Bank.

Hatcher & Hatcher, of Columbus, Ga., for Builders' Supply Co.

E. Herndon Glenn, of Opelika, for E. C. Smith.

The transactions are the same as those considered by this court in a similar situation and reported in Builders' Supply Co. v. Smith, 222 Ala. 554, 133 So. 721; Builders' Supply Co. v. Phillips, 222 Ala. 556, 133 So. 723.

These are new suits begun after those were disposed of without prejudice. It is not necessary to repeat here what was there stated showing the nature of the transaction, except to note that the present suits do not seek to enforce a mechanic's lien.

The bills were filed by one whose rights grew out of a mechanic's lien, but the equitable principle on which they are founded is not to enforce that lien, but an equitable trust which was declared in the former appeal to exist in their favor on account of certain dealings which the respondents had by which a trust for the benefit of complainant as a materialman was created. In the former suits, the purpose was more directly to enforce a lien on an alleged balance due the contractor by the owner. Some of the counsel for appellants in argument seem now to treat the situation in that aspect. The bill does allege matters which show a mechanic's lien, but, forestalling a contention that the transaction between defendants operated as a payment of the balance of the contract price by the owner to the contractor, it now asserts the existence of a trust created by that transaction, rather than an assertion that it did not operate as a payment, but not conceding such contention. It adopts the holding by this court on the former appeal fixing the legal status of the transaction, and seeks to enforce it as there declared. This theory is sought by virtue of the allegations of paragraphs 9, 10, and 11 of the bill, and 14 of the amendment.

In respect to the liability of J. F. Snellings as trustee to account to complainant to the extent of its claim against the contractor, E. C. Smith, the chief question presented by this record affirming the equitable principles declared in the former appeal is whether or not the facts here shown are the same in legal effect as those found to exist on the former appeal. The bill here asserted those facts to exist. If they do, as shown by this record, the result is to create a trust in the hands of Snellings in which complainant was a beneficiary.

A matter of contention is whether Snellings procured a loan upon the mortgage of the owner from the bank to obtain funds with which to discharge the obligations of the owner to the contractor and materialmen in the erection of the house, and that this was done as agent of both the contractor and owner. If he procured the loan to or for the owner as there alleged, it was held that he was to that extent a trustee of the fund, which he thereby received.

FOSTER, Justice.

This record contains three separate and distinct suits in equity, and there are three separate appeals and cross-appeals, all by agreement consolidated in the one record, and dependent upon the same principles of law and evidence.

· There is some confusion in the evidence as to whether in fact Snellings did get the funds on a loan to the owner by the bank to which the mortgage was made, or whether he took an assignment by the bank of the mortgage, and held it as a basis of his own obligation to finance the owner and contractor to the extent that the mortgage itself created a trust in the hands of Snellings instead of on the money to be borrowed from the bank, if he did not get the money from the bank. If the mortgage was executed with the bank as mortgagee by agreement with Snellings that he would indorse it, secure the loan from the bank for the owner, use the money to finance the debt of the owner to the contractor, but, instead of doing so, he had the mortgage transferred to him by the bank, and he held it without disclosing to the parties just what arrangements he finally made, the owner and contractor could assume that the loan was secured and funds held in trust as contemplated; or if Snellings retained the mortgage and notes, and afterwards placed them in the bank for collection for his account, or as collateral for his personal obligation, the trust relation would exist as though he had obtained the money as contemplated. It would be in effect a loan by him of the funds to be held in trust for the uses contemplated.

■ Whatever may have occurred in connection with the bank, it is clear that he had the mortgage executed and delivered to him with the understanding that he would with it finance the owner to the extent of paying the balance due the contractor for the benefit of the materialmen, including Snellings Lumber Company, and as a consequence a trust was created in his hands to the extent of the amount of the mortgage, whether he obtained it from the bank or not.

While the evidence is uncertain and confusing, on this trial, as to what did exactly occur, it is clear that in either aspect a trust was created for the benefit of such materialmen, including complainant.

But there is no evidence that the bank was a party to the agreement that the proceeds of the loan should be thus applied.

■■ This is not a controversy between the owner, as borrower on the mortgage, and the bank, because he did not get the benefit of the loan, or that it was not disposed of as directed; but with the agent of such owner and contractor, because he did not use it according to the terms of the agency. If the bank paid it to Snellings contrary to the instructions of the owner, this complainant is not in position to complain. It is not shown that the bank was under obligations to the owner or any one else to see that the money was used as agreed on between the owner, the contractor, and Snellings. It was not alleged or shown that the bank was a party to or

knew of such agreement. So that on the case against the bank, as made in the bill, and that most favorable to complainant, it does not show a liability by it to complainant. The bank seems to have been careless in presenting its defense and did not wake up until a decree was rendered against it. It then made a motion for a rehearing on a showing that it never made a loan on the mortgage to or for the owner, but transferred it without recourse to Snellings at his request, who later borrowed some money, not the amount of the mortgage debt, and transferred the mortgage as security, and that the bank held it as such collateral when payments were made on it by the owner as mortgagor. The court overruled the motion for rehearing, and the bank seeks to treat it not as a motion for rehearing, which is not appealable, but as in the nature of a supplemental bill. But we need not enter into a consideration of that question, because we think that the court was in error in rendering a judgment against the bank in the first instance, for the reason which we have stated.

■ We may however observe that a supplemental bill is for the purpose of bringing into the controversy matter which occurred after the original bill was filed, usually now after the rendition of the final decree. Patton v. Darden, 227 Ala. 129, 148 So. 806; Bartee v. Matthews, 212 Ala. 667, 103 So. 874.

■ The original bill contained a footnote in proper form. An amendment was filed before answer by adding paragraph 14, without a footnote. Respondents filed an answer after such amendment in which they denied the allegations set forth in paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13, but ignored 14. There was no demurrer for the want of a footnote to the amendment. A demurrer is the proper method to reach such defect. Martin v. Hewitt, 44 Ala. 418; Winter v. Quarles' Adm'rs, 43 Ala. 692. But when there is no such demurrer, absence of the footnote only has the effect of waiving an answer. Sprague v. Tyson, 44 Ala. 338; Martin v. Hewitt, supra. The burden is thereby placed on complainants to prove the allegations, as though an answer denied them. O'Neal v. Robinson, 45 Ala. 526. But if the burden of proof is met by complainant, the absence of a footnote will not deprive complainant of its right to relief.

■ Equity has jurisdiction to enforce and administer a trust fund, though it consists of money. Patton v. Darden (Ala. Sup.) 148 So. 806 (9),[1] and cases cited; Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357. Such is the character of this bill, and it has equity for that purpose.

■ The contractor, who was a respondent, was also awarded a judgment for the balance of the debt due him by the owner

---

[1] 227 Ala. 129.

after deducting from it the amount of the debts due complainant and Snellings Lumber Company for material furnished the contractor.

There was no cross-bill by the contractor, but in his answer he prayed for that relief No one was called upon to answer it, or otherwise defend against it, nor did so.

Snellings, however, claims that, while there may have been a balance for the contractor under this transaction, he owed the Snellings Lumber Company other amounts growing out of different transactions in excess of this balance, and that he agreed with Snellings that this balance be so appropriated.

The court was administering a trust fund, in which the contractor claimed an interest as a beneficiary, and it was in the province of the court to adjudge the rights of the claimants upon the presentation of their claims. If they were not parties to the suit, they could intervene. Section 9485, Code. But the matter of each claim presents an independent issue. By that section of the Code, when one intervenes, an answer or demurrer is available to his petition as if it were an original complaint. The allowance or disallowance of each claim is a final decree which will separately support an appeal. Rome & D. R. Co. v. Sibert, 97 Ala. 393, 12 So. 69; Weaver v. Cooper, 73 Ala. 318; Louisville Manuf'g Co. v. Brown, 101 Ala. 273, 13 So. 15; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Clifford v. Montgomery, 202 Ala. 609, 81 So. 551; Carter v. Mitchell, 225 Ala. 287 (20), 142 So. 514.

So that each claimant to the fund is in the nature of a plaintiff, and must make claim in a justiciable form, on which issue may be taken or other defense interposed, separately considered. In Weaver v. Cooper, supra, it was held that, though certain particularity in the petition may be necessary, it is waived by answer to it without taking the point.

In a suit where there are separate and distinct claimants to a trust fund, the court may affirm the decree in favor of some of the claimants and reverse and remand others for a new trial, since the decree is a final decree in favor of each separately. For a somewhat similar situation we refer to the highway bond cases: U. S. F. & G. Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622; U. S. F. & G. Co. v. Yeilding Bros. Co. Department Stores, 225 Ala. 307, 143 So. 176.

In this case, the contractor, E. C. Smith, did not file a petition or cross-bill in such form that an issue was or could be made on it. Snellings did not have an opportunity to defend against it, either by presenting an equitable set-off, or an agreement with the contractor to apply the balance due the contractor in such transaction to the other debts owing by him.

We think there was no error by the court in decreeing the amount of the claim of Builders' Supply Company, the complainant, against Snellings in both the Phillips (No. 2272; 152 in this court) and Harry Smith (No. 2273; 155 in this court) cases, but that such decrees should be modified so that they will not be also against Phenix-Girard Bank.

The decree in both those cases in favor of E. C. Smith against Snellings and the bank is reversed, and the cause remanded, so that the issues on that claim may be properly framed and tried, to determine whether Snellings has any legal defense against it.

The amount awarded to Builders' Supply Company, as we understand it, is the full amount due it by E. C. Smith, the contractor, and, therefore, there is no error available to it on its cross-appeal. In those two cases the decrees are modified, as above indicated in respect to the claim of the Builders' Supply Company, and, as so modified, they are affirmed. In respect to the claim of E. C. Smith the decrees are reversed, and the causes remanded.

Another suit was filed by E. C. Smith against Snellings in respect to the Chestnut job (No. 2274; 158 in this court). There was no amount due by him to any materialmen, except the Snellings Lumber Company. The transaction was in other respects similar to the Phillips and Harry Smith cases. But the amount which E. C. Smith, the contractor, is shown to owe the Snellings Lumber Company on that job, exceeded the amount of the debt by the owner to Smith to secure funds to pay which the mortgage was given.

As in the other transactions, so here, the mortgage was made by Chestnut to raise a fund to be used by Snellings in discharging the debt by the owner to E. C. Smith, the contractor, by the payment of the claims against him for labor and material used in building the house. This included an amount to Snellings Lumber Company in excess of the amount due E. C. Smith by the owner, Chestnut. There was therefore no balance out of that fund due E. C. Smith, the contractor. The court so decreed in that case, and it is affirmed.

So that in case No. 2272, 152 in this court, and cross-appeal No. 154, and in case No. 2273, 155 and cross-appeal No. 157 in this court, the respective decrees are in part modified and affirmed, and in part reversed and remanded. In case No. 2274, 158 in this court, the decree is affirmed. Appellant, J. F. Snellings, and cross-appellants and appellees Builders' Supply Company and E. C. Smith are each taxed with one-third of the cost of appeal in this court, and in the circuit court, except as taxed against the Phenix-Girard Bank. Appel-

**52**

lant Phenix-Girard Bank is taxed with the cost of the preparation of pages 162 to 212 of the transcript, containing unnecessary matter, and the cost in the circuit court which accrued on its application for a rehearing.

Corrected and affirmed in part, and reversed in part, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

