BAKER v. HEILIGER.

No. 30839. Feb. 15, 1944.

Rehearing Denied March 13, 1945.

*156 P. 2d 592.*

John R. Woodard, of Tulsa, for plaintiff in error.

Wilbur J. Holleman, of Tulsa, for defendant in error.

BAYLESS, J. W. F. Baker instituted an action in the court of common pleas of Tulsa county against E. R. Heiliger to recover money alleged to be due as a commission on the sale of certain personal property wherein Baker acted as Heiliger's agent, and Baker appeals from a judgment in favor of Heiliger, based on the verdict of a jury.

The issues presented to us involve both the evidence and the law. In view of the fact that the verdict of the jury, on the conflicting evidence, was against Baker, we think it advisable to outline the primary controverted issues of fact, for we must treat the jury's verdict as binding in this instance and this in turn has its effect upon other assignments of error.

Baker was an independent salesman or broker. He usually sold goods, including refrigeration equipment and supplies, for Mr. O'Bannon. Baker got in touch with one Gabel, who was endeavoring to purchase refrigeration equipment necessary to establish a frozen food plant, and when Mr. O'Bannon rejected the proposition tendered by Gabel, Baker was free to deal as an independent broker with any other dealer. In pursuance of this authority, and with full explanation thereof to Heiliger, Baker introduced Gabel to Heiliger. At this point the first serious difference with respect to the facts occurs. Baker testified that he informed Heiliger that the proposed purchase would produce a profit of $2,000 and, upon inquiry from Heiliger, informed Heiliger that he customarily received 50% of the profit. His testimony further is that Heiliger demurred to this, saying that he never paid but 35%. That he thereupon calculated 35% commission upon the expected $2,000 profit and told Heiliger that it produced $750 or $800, and that he would take $750 for his services, and Heiliger agreed thereto. Heiliger's testimony and other evidence in support of it confirms Baker's testimony through the part where Heiliger demurred to paying 50% and stated that he only paid 35%. Heiliger then controverted Baker's testimony about what followed by asserting that he at all times insisted (1) that he would have to figure on the amount of the equipment needed which he could furnish, and (2) he would have to calculate his profit thereon before he would make a deal. We take it to virtually be admitted by Heiliger that he was willing to pay Baker a commission of 35% on whatever profit resulted from the sale to be made. It is Heiliger's contention and testimony that when Baker and Gabel left his store the agreement did not extend beyond Heiliger's willingness to figure on the deal and to pay a 35% commission on the profit. In any event, Baker then took Gabel to a competitor and there entered into a tentative written contract whereby the competitor sold Gabel the equipment and Baker received a $50 check in connection with certain arrangements made between the parties. Heiliger's testimony is that when he learned of this fact he figured no further on the deal, being of the opinion that the contract entered into with the competitor eliminated him. In any event, the conditions in the tentative agreement with the competitor failed and Gabel was still without his equipment and free to purchase where he pleased. At this point another serious difference in the facts arises between the parties. Baker insists that he resumed the negotiations with Heiliger as the broker and that the sale that followed was the result of his efforts. Heiliger testified that Gabel approached him independently at this point, that when Baker undertook to discuss the matter with him he informed Baker that he was offended at his conduct in endeavoring to deal with a competitor after having submitted the proposition to him, and that he would not consider him further in the matter. It is significant at this point to note that apparently Baker considered his efforts to sell to another dealer as immaterial to his relationship to Heiliger, and while he does not testify that at the resumption of negotiations with Heil-

208

iger, Heiliger ever agreed to pay him 35% commission or $750, Baker's view of the matter must have been that the original agreement concerning his commission still governed. Heiliger contends that at this point Baker was guilty of unfair conduct in that he endeavored to keep Gabel and Heiliger apart by misrepresentation, but Baker denies this. It is significant that when Heiliger and Gabel finally came to an agreement in respect to the sale of this equipment in excess of $7,000 Heiliger recognized that Baker had some standing in the matter which necessitated adjustment. He testified, and there is serious argument concerning the admissibility of this evidence, that he asked Gabel to arrange to eliminate Baker from the deal and that Gabel told him that he had an agreement with Baker whereby Baker was to keep the $50 theretofore given him and to consider himself disconnected further from the matter. Baker not only denies that such an arrangement was made but strenuously contends that the evidence was not admissible because it was hearsay.

It must be apparent from the statement we have just made, eliminating that evidence objected to as inadmissible, that the evidence on behalf of the respective parties was sufficient to sustain a verdict of the jury in favor of either.

Since the jury found in favor of Heiliger, it may have found from the evidence (1) that what was originally said and done between the two did not amount to a definite agreement to pay $750; or (2) that if it did, the deal with the competitor ended the obligation on the part of either and it was not thereafter remade; or (3) that Gabel thereafter resumed negotiations with Heiliger independently of Baker and that Heiliger refused to avail himself further of Baker's services. In any event, we cannot say the jury's verdict is not supported by sufficient evidence, and it must be allowed to stand. Baker has not in so many words argued to the contrary, but the statement of this conclusion aids us in approaching certain other issues presented. We find law to the effect that an agent or broker, without the consent of the principals, cannot in the same transaction act as agent of one principal, and also agent of another principal. Builders Supply Co. v. Smith, 222 Ala. 554, 133 So. 721; Am. Dig. (West) Prin. & Agent, Key No. 70; 3 C. J. S. 6, sec. 138 et seq.; and 2 Am. Jur. 211, sec. 262, and page 214, sec. 266, and notes.

Baker complains in two assignments of erroneous rulings on the admissibility of evidence. The trial court permitted Heiliger to testify to the profit made on the sale to Gabel, over the objections of Baker, on the theory, which was carefully explained to the jury, that the size of this profit might be a circumstance for the jury to consider in determining whether Heiliger agreed to pay Baker $750. The profit testified to was $1,129.45. The jury was instructed that if they believed the promise to pay $750 was made, the size of the profit was immaterial, but the size of the profit was a circumstance as just outlined. We are of the opinion it was not an abuse of discretion to admit this evidence with the limitations stated. It was Baker's contention that the deal first offered would produce a profit of $2,000, which he did not substantiate, whereas it was Heiliger's contention that he at first was willing to pay a 35% commission on the profit, subject to the entire deal being figured. The evidence admitted had some bearing on the issue. It is further asserted that the trial court erred in permitting Heiliger to say to the jury what Gabel had told him about the conversation with Baker disclaiming in the matter in consideration of the $50 check. Gabel testified to this and Baker denied it. The truth of the issue thus made turned on this testimony of the parties to the conversation, and we do not believe the jury were misled into according it additional veracity because Gabel repeated it to Heiliger. Appearing as it did in Heiliger's testimony, it furnished the jury no more than a motive for what Heiliger did, and left the jury free to determine whether the motive had any basis by virtue of the truth or

falsity of Gabel's or Baker's testimony. We find no error in these complaints.

In five separate assignments of error Baker complains of the instructions given to the jury numbered 4, 5, 6, 7, and 8. The essence of these instructions that is objected to by Baker relates to the matter of his good faith toward Heiliger involving the matter of commissions from both purchaser and seller and other general considerations that ought to prevail between broker and client. We notice that in Heiliger's answer he makes much of this charge of double commissions. In addition, in his evidence he alluded to the fact he became offended by Baker's conduct in taking Gabel to another dealer and entering into what could have been a binding contract to Heiliger's ultimate loss of the entire sale. His testimony and that of Gabel dealt with the payment of the $50 by Gabel to Baker, its purpose and its final use as between Gabel and Baker. Considering these instructions in the light of the issues made by the answer and the evidence relating thereto, we are of the opinion that the instructions complained of are not subject to the criticism made.

The judgment appealed from is affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., concurs in conclusion.